# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH CLAYTON SWANEY, | ) | CASE NO. 5:20-cv-1797 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| CHIEF DEPUTY DALE KELLY, *et al*, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Joseph Clayton Swaney filed this action under 42 U.S.C § 1983 against Portage County Chief Deputy Sheriff Dale Kelly, the Portage County Sheriff's Office, and Portage County, Ohio. In the complaint, plaintiff asserts a claim for use of excessive force and seeks monetary damages.

Plaintiff also filed an application to proceed *in forma pauperis* (Doc. No. 2). That application is GRANTED.

## I.  BACKGROUND

Plaintiff's complaint contains very few facts. He alleges that at some point between July 3, 2019 at 3:00 p.m. and July 13, 2019 at 8:00 p.m., law enforcement officers used a taser to subdue him. He does not provide any other information concerning his arrest. He attaches a memorandum in support of his complaint that states in its entirety:

> In light of the George Floyd incident, it is evidently clear that encounters with law enforcement are mere moments away from turning physical, if not fatal, with severe possibility of extreme legal consequence. It is to the ends of justice to be proactive in mitigating these encounters so as to ensure the safety of the involved parties, as well this city, as well this country, and the legitimacy of this lawsuit. As such this motion should be upheld.

(Doc. No. 1-1 ["MIS"] at 1.[1]) He asserts a violation of his Fourth Amendment rights and seeks $67,000,000,000.00 in damages for pain and suffering. (*Id.* at 4, 6.)

## II.     STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

2

the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the defendant unlawfully harmed me accusation. *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

### III.  ANALYSIS

Plaintiff fails to state a Fourth Amendment claim under 42 U.S.C. § 1983. Use of a taser, alone, does not violate a suspect's Fourth Amendment rights. *See Hagans v. Franklin Cnty. Sheriff's Office*, 695 F.3d 505, 509 (6th Cir. 2012). All claims that law enforcement officers have used excessive force in the course of an arrest, investigatory stop, or other seizure of a citizen are analyzed under the Fourth Amendment "reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). In applying this standard, the Court must consider the totality of the circumstances and "pay particular attention to 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Kostrzewa v. City of Troy*, 247 F.3d 633, 639 (6th Cir. 2001) (quoting *Graham*, 490 U.S. at 396). Furthermore, "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. Plaintiff does not allege facts concerning the circumstances of his arrest. He has not stated a plausible claim for use of excessive force.

**IV.** **CONCLUSION**

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: December 9, 2020

                                                
_____

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**